David E. CAMBY, Appellant,

v.

Larry DAVIS; James M. Lester,
Appellees.

No. 82–6070.

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1983.

Decided Oct. 3, 1983.

Robert L. Flax, Richmond, Va., for appellant.

Everett B. Saslow, Jr., Greensboro, N.C. (Charles E. Nichols, Nichols, Caffrey, Hill, Evans & Murrelle, Greensboro, N.C., on brief), for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

This case presents the question of what action a district court must take upon a magistrate's proposed findings and recommendations on a dispositive motion under 28 U.S.C. § 636(b)(1)(B) when there is no objection made to the magistrate's proposal.

The plaintiff in this § 1983 action, David Camby, was indicted for second-degree burglary, and subsequently arrested by the defendant police officers, Larry Davis and James Lester, pursuant to a court order. After the North Carolina Superior Court set bond for pre-trial release, Camby was incarcerated in an Iredell County Prison unit. Before trial, the prosecutor obtained a voluntary dismissal of the charges, stating Camby had been improperly charged, and that the State would seek a new indictment.

Claiming that his arrest violated his constitutional rights, Camby brought this action for damages for the cost of his bond, attorney fees, and mental anguish. The defendants moved for summary judgment, supported by affidavits and copies of the state court record. The plaintiff filed rebuttal neither to the motion nor to the affidavits. The plaintiff failed to file any objections, and the district court, in a brief order, adopted the Magistrates Findings and Recommendations and dismissed the action.[1]

---

1. The text of the order follows:

On November 12, 1981, the United States Magistrate's Findings and Recommendations were filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the Court within the time prescribed by the statute.

The plaintiff contends that the district court must do more than merely adopt the magistrate's findings and recommendations. The plaintiff claims that the district court was bound, at least, to review the factual and legal basis of his action and point out the controlling legal authorities. The claim is that the district court must at least explicitly review the exhibits, affidavits, pleadings and principles in its opinion or order adopting the magistrate's report.

Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), a district court may, without the parties' consent, designate a magistrate to consider a dispositive motion, such as the one before us, for summary judgment. After considering such a motion, a magistrate must submit "proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ."

The Act permits a party who objects to the magistrate's proposals to file written objections. *Id.* at § 636(b)(1)(C). If a party objects, the district court shall make a de novo review of the specified proposed findings or recommendations objected to. *Id.*

The district court referred consideration of the motion to a magistrate, who found no constitutional violation, and recommended that the defendants' motion for summary judgment be granted. The clerk of the court mailed a copy of the magistrate's proposed findings and recommendations to the plaintiff with a notice which called plaintiff's attention to and quoted the statutory provisions of 28 U.S.C. § 636(b)(1)(C) which requires objection to be filed within ten days of service of the magistrate's recommendations, and advised plaintiff that unless objections were made in accordance with that statute and local Rule 50.3(b), which was also quoted, that ". . . an appropriate order or judgment will be entered by the court on the Magistrate's Findings and Recommendations."

The Court hereby adopts the Magistrate's Findings and Recommendations.

While the Magistrate's Act does not separately address a standard of review, and action thereupon, by the district court in a situation in which a party fails to object to the magistrate's proposed findings and recommendations, the statute does address, in terms, the filing of the magistrate's report. 28 U.S.C. § 636(b)(1)(C) applies whether or not there has been objection to the report of the magistrate. That subsection provides that the magistrate shall file his proposed findings and recommendations with the court and that a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, a party may serve and file written objections to the findings and recommendations. The next sentence provides that a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. It is the following sentence which we construe here, and it is: "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Thus, the judge has the power to accept, reject, or modify in whole or in part the magistrate's report. In this case the judge explicitly adopted it. Adoption is an affirmative act. In the absence of objection, for which provision is made by the statute, we do not believe that it requires any explanation. We also do not believe it may be presumed by the absence of explanation, as plaintiff requests us to do, that the judge who entered the order adopting the magistrate's report had not given the report any consideration at all. Indeed, quite the contrary is true, for official acts are presumed to be regular, and since the judge had the power either to accept, reject, or modify the report in whole or in part, we will not consider that the judge did not exercise the discretion which the statute gives him. If no objection were made, for example, it could hardly be ar-

IT IS THEREFORE ORDERED AND ADJUDGED that this action be and is hereby dismissed with costs assessed to the plaintiff.

gued that the judge *must* accept the report if it contained an error of law apparent on its face.

Our position in this case is supported by the Legislative History, House Rep. No. 94–1609, U.S.Code Cong. and Adm.News, 1976, pp. 6162, 6171:

"The judge is given the widest discretion to 'accept, reject or modify' the findings and recommendations proposed by the magistrate, including the power to remand with instructions. Thus it will be seen that under subparagraph (B) and (C) [28 U.S.C. § 636(b)(1)(B) and (C)] the ultimate adjudicatory power over dispositive motions, habeas corpus, prisoner petitions and the like is exercised by a judge of the court after receiving assistance from and the recommendation of the magistrate."

Thus, in the case before us, the judge had the specific authority to accept, reject or modify the report, and within that discretion he adopted it. Absent objection, we do not believe that any explanation need be given for adopting the report. If, as the plaintiff contends, the judge must, as a part of his disposition of the matter, discuss the applicable law and facts upon which he acted, the purpose of the statute in requiring written objections has gone by the board, and we would have to read out of the statute that part of subsection (C)

which requires "written objections to such proposed findings and recommendations" in order to obtain de novo review.

The only question presented here is the content and form of the district court's order, copied in n. 1 hereof, granting judgment for the defendants. The plaintiff asks us to remand the case for another order from which he may then appeal. He now suggests no errors of substance in the magistrate's report. His request, if granted, would result in relief much like that resulting from a remand for further findings of fact and conclusions of law on a point not sufficiently addressed by a district court. See *Lewis v. Tobacco Workers Intern. Union,* 577 F.2d 1135 (4th Cir.1978).

 Because we are of opinion, however, that the order of the district court from which appeal is taken was in all respects proper, the judgment of the district court is

AFFIRMED.[2]

**2.** The district court entered an order dismissing the notice of appeal. This it was without jurisdiction to do. *Lewis v. Tobacco Workers of America,* 577 F.2d 1135, 1139 (4th Cir.1978).

The State argues that this appeal should not proceed because the plaintiff has waived his right to have the court consider the substance of the magistrate's report by his failure to object to it, amounting to a waiver of appeal. Notice to this effect was given by the clerk of the court. While this may well be true, and probably is, such a rule of waiver would not apply in this case for the plaintiff casts his whole lot on appeal not on objection to the substance of the magistrate's report but on the proposition that the district court's order shows on its face that it did not sufficiently consider the magistrate's report before entering its order. Any waiver to the consideration of the merits of the magistrate's report which may have attached by plaintiff's failure to file objections to it would not operate to waive objections to the standard of review the district court must articulate in its order.

All of the circuits, except one, which have considered the question of waiver have generally found that failure to file objections to a magistrate's report preclude consideration on appeal of the substance of the report. *See, e.g., Deloney v. Estelle,* 661 F.2d 1061, 1063 (5th Cir.1981); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980); *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980); *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 588 F.2d 24, 30 (2d Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). *But see Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202–07 (8th Cir.1983).