**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4407**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY DAWN PALMER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:06-cr-00043-MR-DLH-4)

Submitted: November 20, 2017                                  Decided: November 28, 2017

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Remanded by unpublished per curiam opinion.

Kimberly Dawn Palmer, Appellant Pro Se. Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; John Daren Pritchard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In December 2014, the district court sentenced Kimberly Dawn Palmer to 168 months' imprisonment pursuant to her guilty plea to a drug-related offense. In May 2017, Palmer noted an appeal of the criminal judgment pursuant to 18 U.S.C. § 3742(a) (2012). The district clerk failed to send a copy of Palmer's notice of appeal to this court, as required under Fed. R. App. P. 3(d)(1). Instead, the district court denied relief on Palmer's filing, noting that her appeal was untimely filed and that the appeal period is mandatory and jurisdictional.* In June 2017, Palmer filed a notice of appeal from the court's order denying relief, which is now before us.

Because Palmer's first notice of appeal was not properly docketed, we remand to the district court for the limited purpose of docketing Palmer's May 2017 pleading as a notice of appeal of the December 2014 criminal judgment. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

* Although the appeal period in civil matters is mandatory and jurisdictional, the appeal period in criminal cases is a non-jurisdictional claims processing rule. *See* Fed. R. App. P. 4(a), (b); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). Moreover, the district court did not have the authority to dismiss a notice of appeal. *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir. 1983).