**UNITED STATES of America**

v.

**Alonzo RICE.**

**No. C–CR–90–70.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 16, 1990.

David Alan Graham, Asst. U.S. Atty., Asheville, N.C., for U.S.

David R. Lange, Durham, N.C. (appointed), for defendant.

**ORDER**

ROBERT D. POTTER, Chief Judge.

This matter is before the Court on a Memorandum and Recommendation (here-

inafter "M & R") filed by United States Magistrate Paul B. Taylor on June 22, 1990.

The M & R is in response to Defendant's motion, filed on May 25, 1990, to suppress approximately 211 grams of cocaine base and 35 grams of powdered cocaine that was seized from Defendant's person at the Charlotte Airport on April 26, 1990. The Government filed a response to the motion to suppress on May 30, 1990. On June 18, 1990, Magistrate Taylor conducted a hearing to receive evidence and arguments on the motion.

Title 28, United States Code, Section 636(b) permits the Court to designate a magistrate to conduct hearings and to submit to the Court proposed findings of fact and recommendations for the disposition by the Court of any motion to suppress or dismiss a bill of indictment. The magistrate is required to file his proposed findings and recommendations with the Court. Within ten (10) days after being served with a copy, any party may file written objections to the proposed findings and recommendations. The Court must then make a de novo determination of those portions of the proposed findings or recommendations to which objection is made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The Court may also receive further evidence or recommit the matter to the magistrate with instructions.

The Magistrate recommended that the motion be denied. On page 13 of the M & R, the Magistrate advised Defendant that pursuant to 28 U.S.C. § 636 written objections to the proposed findings of fact and conclusions of law and the recommendation contained in the M & R must be filed with ten (10) days after service of the M & R. The Magistrate further advised that failure to file objections with the district court would preclude counsel from raising such objections on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

■ The Court did not receive from Defendant timely filed objections to the M & R. Rule 45 of the Federal Rules of Criminal Procedure is applicable to the computation of time. Rule 45(a) excludes weekends and legal holidays if the prescribed period of time is less than 11 days. Rule 45(e) requires an additional 3 days be added to the period of time for the filing of responses or objections if service is made by mail. In this case, the Court excluded weekends and the Fourth of July holiday in computing the date that the objections were due. Moreover, the Court added 3 business days to the date because service was made by mail. Therefore, the Court calculated that July 12, 1990 was the date that any objections should have been filed by. As noted above, the Court did not receive objections from Defendant to the M & R by July 12, 1990.

The Court believes that Defendant has waived his right to a de novo review of the factual findings in the M & R by failing to timely file objections. Title 28, United States Code, Section 636(b) requires the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to *which objection is made.*" By the clear language of the statute, it is obvious that the Court cannot make a de novo determination to portions of the M & R to which objection is made if the objection is not in fact made.

The Fourth Circuit has held that absent a party filing objections to a M & R, the district court is not required to provide any explanation for summarily affirming a M & R. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983). Another Appellate Court has directly held that a failure by a party to file objections to a M & R constitutes a waiver to a de novo review by the district court of factual findings. *See Barilla v. Ervin,* 886 F.2d 1514, 1519 (9th Cir.1989) (failure to file objections relieves the trial court of burden to give de novo review to factual findings). Other Appellate Courts have held that failure of a party to timely file objections to a M & R may result in a waiver of the right to a de novo review by

the district court of both factual findings and legal conclusions. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3rd Cir. 1987); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (holding that failure of party to file written objections to proposed findings and recommendations in magistrate's report shall bar party from de novo determination by district judge of *any* issue covered in report).

■ Despite the Court's belief that Defendant has waived his right to a de novo review at a minimum of the factual findings by the Magistrate, the Court has nonetheless conducted a complete de novo review of the entire record in this case. In conducting its de novo review, the Court has carefully considered the entire record in this matter. In particular, the Court has reviewed Defendant's motion, the Government's response to the motion, and the M & R. Additionally, the Court has considered the applicable law. Finally, the Court has listened to the audio tape from the hearing conducted by the Magistrate.

The Court believes that the Magistrate's findings of fact and the conclusions of law are factually sound and legally correct. After listening to the audio tape from the hearing, the Court simply does not believe the testimony of Defendant was credible. The primary factual issue in dispute is whether the agents returned Defendant's airline ticket. Defendant testified that the agents refused to return the ticket while the agents testified that the ticket was returned immediately to Defendant after the agents, with Defendant's permission, briefly examined the ticket. The Court believes that the testimony of the agents was consistent and credible. Accordingly, the initial approach of Defendant and the consensual search was not violative of the Fourth Amendment's prohibition against unreasonable search and seizures. Therefore, the Court believes that the M & R should be affirmed on the basis cited therein.

NOW, THEREFORE, IT IS ORDERED that the M & R be AFFIRMED AND ADOPTED IN ITS ENTIRETY.

IT IS FURTHER ORDERED that the motion to suppress be, and hereby is, DENIED.

The Clerk is directed to certify copies of this Order to Defendant, defense counsel, and the United States Attorney.