OLYMPUS MANAGED HEALTH CARE, INC. and Olympus Healthcare Solutions, Inc., Plaintiffs,

v.

AMERICAN HOUSECALL PHYSI-CIANS, INC., and Jonathan McGuire, Defendants.

American Housecall Physicians, Inc., f/k/a Inroommd, Inc., Third–Party Plaintiff, and Counterclaimant

v.

Ronald A. Davis and Steven W. Jacobson, Third–Party Defendants.

Case No. 3:08cv532–RJC–DSC.

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 30, 2009.

Irving M. Brenner, H. Landis Wade, Jr., McGuirewoods LLP, Charlotte, NC, for Plaintiffs.

Fred Bruton Monroe, John Robert Buric, James, McElroy & Diehl, Charlotte, NC, for Defendants/Third–Party Plaintiff, and Counterclaimant.

Matthew Roger Williams, Pepper Hamilton, Arthur Christopher Young, Philadelphia, PA, John T. Jeffries, McAngus, Goudelock & Courie, P.L.L.C., Charlotte, NC, for Third–Party Defendants.

## ORDER

ROBERT J. CONRAD, JR., Chief Judge.

**THIS MATTER** is before the Court on Third–Party Defendants' Motion to Dismiss (Doc. No. 22), Third–Party Defendants' Memorandum in Support of Motion to Dismiss (Doc. No. 23), and Third–Party Plaintiff's Memorandum in Opposition to Third–Party Defendants' Motion to Dismiss (Doc. No. 31). The Magistrate Judge entered a Memorandum and Recommendation ("M & R") (Doc. No. 36), recommending that the Third–Party Defendants' Motion to Dismiss be granted in part, that is, granted as to Count II against Third–Party Defendant Steven W. Jacobson and denied in all other respects. Third–Party Defendants filed an objection to the M & R (Doc. No. 37), and Third–Party Plaintiff filed a Response (Doc. No. 38). The issue of whether the Magistrate Judge properly ruled that the Third–Party Defendant's Motion to Dismiss should be denied as to Count IX is now before this Court. For the reasons that follow, this Court affirms the Magistrate Judge's M & R.

## I. BACKGROUND

Third–Party Plaintiff American Housecall Physicians, Inc. ("AHP") asserts multiple claims, including state law civil conspiracy, against Third–Party Defendants Ronald A. Davis and Steven W. Jacobson. The parties made no specific objections to the findings of fact contained in the Magistrate Judge's M & R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two through five of the M & R filed on April 14, 2009, for purposes of this Order.

## II. STANDARD OF REVIEW

■ The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983); *Keeler v. Pea,* 782 F.Supp. 42, 43 (D.S.C.1992). De novo review is not required by the statute

when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M & R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563, 127 S.Ct. 1955. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1960, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## III. DISCUSSION

Davis and Jacobson object to the Magistrate Judge's finding that AHP properly set forth a claim for civil conspiracy. The Magistrate Judge recommended that an exception to the intra-corporate conspiracy doctrine [1] applied to the facts of this case. Davis and Jacobson argue that this exception, involving a defendant's "independent personal stake" in a conspiracy, does not apply because (1) AHP's counterclaims do not state that Davis and Jacobson had an independent personal stake in the alleged conspiracy, (2) the alleged independent personal stake is not "independent" from Davis and Jacobson's relationship to Olympus, the corporation with which AHP alleges they conspired, and (3) AHP's allegations regarding Davis's and Jacobson's independent personal stakes are inconsistent with the terms of AHP's counterclaims.

### A. Whether AHP's Counterclaims State an Independent Personal Stake

Davis and Jacobson argue that AHP has not alleged in its counterclaims that Davis and Jacobson had an independent personal stake in achieving Olympus's purported illegal objective. They point to the fact that in the section of the Third-Party Complaint alleging civil conspiracy, AHP does not explicitly mention that Davis or Jacobson had an independent personal stake, while it does mention that Olympus would accrue the benefit.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

---

1. This doctrine is also often referred to as the "intra-corporate immunity doctrine."

*Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Court notes that AHP's civil conspiracy claim incorporates by reference all earlier allegations in the pleading. Included among these earlier allegations is the allegation that Jacobson "breached his fiduciary duties, and other duties, to AHP by, among other things ... usurping business opportunities of AHP for the benefit of himself and Olympus." (Doc. No. 5–1 at ¶ 71). Thus AHP does explicitly contemplate on the face of its pleading that at least Jacobson stood to derive personal gain. Further, AHP argues that the exhibits to the counterclaim provide the supplemental facts to complete the picture of the Third–Party Defendants' alleged civil conspiracy. AHP attached to its pleading the Letter of Intent outlining the deal between Olympus and AHP. (Doc. No. 5–4 at 24, Exhibit H). This document is a part of the pleading for all purposes. *See* Fed. R.Civ.P. 10(c). From this document and the allegations in the pleadings as a whole, it is certainly plausible that Davis and Jacobson stood to gain separately and independently when they allegedly backed out of the merger and retained a larger ownership interest in Olympus. AHP has provided the factual content that allows the court to draw this reasonable inference. *See Iqbal,* 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### B. Whether the Alleged Stake is "Independent" from the Relationship with Olympus

■ Davis and Jacobson argue that AHP has not alleged the benefits of the purported conspiracy are independent to Davis and Jacobson. AHP counters that by refusing to go forward with the merger, Davis and Jacobson gained a benefit that Olympus did not, namely an avoidance of the diminution of their shareholder interests in Olympus.

■ The intra-corporate conspiracy doctrine can be traced back to *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir.1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953), an anti-trust action based on an alleged conspiracy between a corporation and its officers, employees and agents. The Fifth Circuit held:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Id.* at 914. The Fourth Circuit first recognized this doctrine in the field of anti-trust in *Greenville Publ'g Co. v. Daily Reflector, Inc.,* 496 F.2d 391, 399 (4th Cir.1974), but noted "an exception may be justified when the officer has an independent personal stake in achieving the corporation's illegal objective." *Id.* "In recent years, this 'personal stake exception' has been limited, such that it applies only where a co-conspirator possesses a personal stake independent of his relationship to the corporation." *ePlus Technology, Inc. v. Aboud,* 313 F.3d 166, 179 (4th Cir.2002). However, where an individual defendant has a large degree of control over the corporate principal's decisionmaking process, the exception is more likely to apply than where an agent has little control over the principal. *Compare Greenville,* 496 F.2d at 399–400 (holding exception applied where individual

was defendant company's president, director, and shareholder); *with Oksanen v. Page Memorial Hosp.*, 945 F.2d 696, 705–06 (4th Cir.1991) (noting the exception did not apply where the agents lacked decisionmaking authority within the entity).

■ Davis and Jacobson argue that the Magistrate Judge erred by applying the exception based on their financial interest in Olympus. However, this argument mischaracterizes the personal interest that Davis and Jacobson had in not allowing their personal holdings in Olympus to be diluted. Where a corporate officer's gain is reliant upon the gain of the corporation, then the officers have no independent personal stake. *See, e.g., Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 550 (E.D.N.C.2005) (holding no independent personal stake where allegations focused on the potential revenues that a firm's sole shareholder would receive from the firm). Here, however, Davis's and Jacobson's degree of interest in Olympus as its sole shareholders is distinct from any gain that Olympus may have received from failing to complete the merger. *See Akande v. Transamerica Airlines, Inc.*, No. Civ.A. 1039–N, 2006 WL 587846, at *6 (Del.Ch. Feb. 28, 2006) (noting that intra-corporate conspiracy doctrine is inapplicable "when the officer or agent of the corporation steps out of her corporate role and acts pursuant to personal motives"). Had the merger gone through, Davis's and Jacobson's share would have been significantly diluted. On the other hand, Olympus as an entity would not have gained or lost from an increase or decrease in shareholders. Thus failing to complete the merger allowed Davis and Jacobson, Olympus's sole decisionmakers, an independent gain that Olympus did not receive: avoidance of a decrease in their piece of the ownership pie.

Therefore, the Court holds that Davis and Jacobson each had an independent personal stake in failing to complete the merger that is distinct from any gain that Olympus might have realized, and the independent personal stake exception applies to the civil conspiracy claim.

### C. Whether AHP's Allegations are Precluded by Inconsistencies in Its Pleading

Davis and Jacobson argue that finding an independent personal stake is inconsistent with AHP's counterclaims, since AHP alleges that (1) Davis and Jacobson never intended to complete the merger, and (2) the purpose of the conspiracy was to raid AHP's assets rather than effect a merger. This argument falls short of the mark. AHP need not set forth claims that are consistent with one another. Rather, it "may state as many separate claims or defenses as it has, regardless of consistency." Fed R. Civ. P. 8(d)(3). AHP's civil conspiracy counterclaim is not precluded by the alleged inconsistencies in its other counterclaims.

### D. Recommendations without objections

Third–Party Defendants only objected to the Magistrate Judge's Recommendation as to Count IX, the civil conspiracy counterclaim. As to all other issues raised in Third–Party Defendants' Motion to Dismiss, this Court reviewed the M & R for clear error and adopts the Magistrate Judge's Recommendations regarding these claims.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Third–Party Defendants' Motion to Dismiss (Doc. No. 22) is **GRANTED IN PART** and **DENIED IN PART,** that is:

1. **GRANTED** as to **Count II** against Third–Party Defendant Steven W. Jacobson,

2. **DENIED** as to **Count IX,** and

3. **DENIED** as to all other counts and arguments raised.

## MEMORANDUM AND RECOMMENDATION

DAVID S. CAYER, United States Magistrate Judge.

**THIS MATTER** is before the Court on the Third–Party Defendants' "Motion to Dismiss ..." (document # 22) and "Memorandum of Law in Support ..." (document # 23), both filed January 20, 2009; and the Third–Party Plaintiff's "Brief in Opposition ..." (document # 31) filed February 11, 2009.

On February 23, 2009, the Third–Party Defendants filed their "Reply ..." (document # 33). On March 2, 2009, the Third–Party Plaintiff filed its "Surreply ..." (document # 35).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Third Party Defendant's Motion to Dismiss be *granted in part* and *denied in part,* as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is a counterclaim action alleging breach of fiduciary duty, breach of contract, tortious interference with contract, violation of the North Carolina Trade Secrets Protection Act, commission of unfair and deceptive trade practices, fraud, civil conspiracy, unjust enrichment, false designation of origin, quiet title to copyright and improper use of trademark. Taking the facts as alleged in the Verified Counterclaim as true, this action stems in part from the Third–Party Defendants' alleged intentional misrepresentation to the Third–Party Plaintiff that their two companies would merge in order to unlawfully gain access to Third–Party Plaintiff's confidential information, trademarks and employees in order to set up a competing business.

Third–Party Plaintiff, American Housecall Physicians, Inc. ("AHP"), is a corporation organized under the laws of the State of Nevada with its principal place of business in Charlotte, Mecklenburg County, North Carolina. AHP is in the business of providing in-room and in-home medical services through doctor networks across the United States. Olympus Managed Health Care, Inc. ("OMHC") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Miami, Dade County, Florida. Olympus Healthcare Solutions, Inc. ("OHCS"), the parent company of OMHC, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Miami, Dade County, Florida. OMHC and OHCS (collectively "Olympus") are in the business of providing third party administrator services for insurance companies located outside of the United States related to the management of their insureds' medical claims for medical treatment in the United States. Third–Party Defendant, Ronald A. Davis, the Chief Financial Officer of OMHC and OHCS, is a resident of the State of Florida. Third–Party Defendant, Steven W. Jacobson, the President and Chief Executive Officer of OMHC and OHCS, is a resident of the State of Florida. Davis and Jacobson are the sole shareholders of OMHC and OHCS and are the only mem-

bers on the Board of Directors of OMHC and OHCS.

On January 1, 2006, Olympus and AHP entered into a Memorandum of Understanding concerning discussions that Olympus and AHP had about the companies working together and entering into a business relationship to combine the companies' resources. On March 15, 2006, Olympus and AHP entered into a written Distribution Agreement whereby AHP agreed to allow Olympus to act as an exclusive distributor for its housecall physician network program to foreign insurance companies. After entering into the Distribution Agreement, Jacobson was elected to the Board of Directors of AHP on January 26, 2007.

In April 2007, Olympus and AHP began to consider a merger of the two companies. AHP asserts that numerous meetings and communications took place in Charlotte, North Carolina regarding the merger. On August 31, 2007, the companies executed a letter of intent (the "LOI") to pursue a merger of the two companies. Following the execution of the LOI, Olympus and AHP entered into a Services Agreement on September 10, 2007 that divided the responsibilities of the companies and formulated how they would operate in contemplation of the completion of the merger. The parties negotiated and executed a merger agreement (the "Merger Agreement") that provided for a swap of stock between AHP and OMHC. The Merger Agreement was executed by all of the parties and was to held in escrow by Olympus's attorneys until the closing date, which was set for September 30, 2008. AHP asserts that it allowed Olympus complete access to its customer base, contacts, marketing materials and other proprietary and confidential information in anticipation of the pending merger. Additionally, AHP asserts that Davis and Jacobson represented to AHP that the merger would be completed and that all of the business relationships developed by AHP would remain protected. Ultimately, the merger was not completed.

AHP asserts that Olympus had warranted that there was no claim asserted by a third party that would interfere with the merger. However, on the day before closing, AHP asserts that Jacobson told AHP that because there was a pending claim against Olympus which involved Olympus' shares of stock, Olympus could not convey its stock as part of the merger and would not be able to close on the day contemplated in the Merger Agreement. Over the next few weeks, Olympus and AHP tried to find a way to complete the merger. AHP asserts that Olympus attempted to renegotiate the deal, offering to purchase AHP's assets at less than half of the value agreed to as part of the Merger Agreement. AHP also asserts that as part of the renegotiated deal, Olympus offered to convey the very stock it said it could not convey on closing day. On October 28, 2008, Olympus informed AHP that it was terminating the LOI. That same day, Jacobson resigned from AHP's Board of Directors. AHP asserts that Olympus, Davis and Jacobson never intended to complete the merger and in essence gained access to AHP's confidential information, trademarks and employees in order to set up a competitive business while intentionally misrepresenting their intentions to merge the two companies.

As noted above, the Third–Party Defendant's Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION

### A. MOTION TO DISMISS THIRD PARTY DEFENDANT DAVIS FOR LACK OF PERSONAL JURISDICTION

Third–Party Defendant, Ronald A. Davis, contends that his one meeting with

AHP in Charlotte, North Carolina is insufficient to establish "minimum contacts" under the standards of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny and therefore, the Court does not have personal jurisdiction over him for the claims brought against him by AHP.

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party, who need make only a prima facie showing that exercise of personal jurisdiction is proper. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F.2d 1062, 1064 (4th Cir. 1982); and *General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc.*, 765 F.Supp. 1246, 1248 (W.D.N.C. 1991).

Analysis of personal jurisdiction has traditionally involved two determinations: "whether the [particular state's] long-arm statute authorizes the exercise of jurisdiction in the circumstances presented and ... whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards." *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir.1993). However, because "the North Carolina long-arm statute [N.C. Gen.Stat. § 1–75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." *Id., citing Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977).

■■ The exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state. *International Shoe Co. v. Washington*, 326 U.S.

310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Ellicott Mach.*, 995 F.2d at 477. In addition, the court's exercise of personal jurisdiction must comport with traditional notions of "fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (personal jurisdiction exists where defendant introduces product into stream of commerce with expectation that citizens in forum state will use the product).

Later cases have emphasized that the minimum contacts must be "purposeful." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This "purposeful" requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a nonresident to defend himself in a forum state when the non-resident never purposefully availed himself of the privilege of conducting activities within the forum state, thus never invoking the benefits and protections of its laws. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Moreover, "this purposeful requirement helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 519, 523 (M.D.N.C.1996), *citing Burger King*, 471 U.S. at 472, 105 S.Ct. 2174; *and World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559.

■ A court's exercise of personal jurisdiction may be specific or general. General personal jurisdiction exists, even when an action does not arise out of the non-resident defendant's contact with the forum state, if the non-resident defendant has had continuous and systematic contact with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

408, 414–15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction involves the exercise of personal jurisdiction over a defendant in an action arising out of the defendant's contacts with the forum state. *See Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868; *Vishay Intertech., Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1068 (4th Cir.1982) (sufficient minimum contacts found under North Carolina long-arm statute when defendant wrote three letters and initiated five telephone calls to the plaintiff in North Carolina).

■ Applying the above principles to the subject motion, Third–Party Defendant Davis *has* had sufficient "minimum contacts" with North Carolina to satisfy due process requirements for the exercise of personal jurisdiction. Even though the parties have agreed that Davis has not "had continuous and systematic contact" with North Carolina, *Helicopteros,* 466 U.S. at 414–15, 104 S.Ct. 1868, such as would justify personal jurisdiction generally, the events which give rise to the Third–Party Plaintiff's claims *do* support personal jurisdiction in this specific instance. *Id.* Indeed, taking AHP President Andrew S. Jacobson's affidavit as true, as we must at this early point in the proceedings, Davis specifically directed his contact concerning the merger to Jacobson and other Board Members of AHP in Charlotte, North Carolina. These contacts included two visits to Charlotte concerning the proposed merger, several telephone communications initiated by Davis to Jacobson in North Carolina, and multiple e-mails that Davis sent to Jacobson concerning the merger that were directed to Jacobson's office in Charlotte, North Carolina.

In short, where the Defendant "purposefully directed" his activity at a resident of North Carolina, and this litigation results from alleged injuries to that resident that "arise out of or relate to" those activities,

*Burger King Corp.,* 471 U.S. at 472, 105 S.Ct. 2174, the exercise of personal jurisdiction comports with traditional notions of "fair play and substantial justice." *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. 559. Accordingly, the undersigned will respectively recommend that the Third–Party Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be *denied.*

**B. *MOTION TO DISMISS COUNT II, BREACH OF CONTRACT ALLEGATIONS AGAINST THIRD–PARTY DEFENDANT, STEVEN W. JACOBSON***

AHP concedes that it did not intend to assert a claim for breach of contract against Steven W. Jacobson. Therefore, to the extent that AHP's Verified Counterclaim contains a claim for breach of contract, the undersigned respectfully recommends that it be dismissed and the Third–Party Defendants' Motion to Dismiss Count II against Jacobson must be *granted.*

**C. *MOTION TO DISMISS COUNT VII, FRAUD ALLEGATIONS AGAINST THIRD–PARTY DEFENDANTS STEVEN W. JACOBSON AND RONALD A. DAVIS, COUNT VIII, CONSTRUCTIVE FRAUD ALLEGATIONS AGAINST JACOBSON, AND COUNT IX, CIVIL CONSPIRACY ALLEGATIONS AGAINST JACOBSON AND DAVIS***

**1. *Standard of Review***

"A motion to dismiss under [Fed. R.Civ.P. 12(b)(6) ] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.), *cert.*

*denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993), *citing* 5B C. Wright & A. Miller, *Fed. Practice and Procedure* § 1356 (1990).

As a general rule, a plaintiff's complaint need only provide a short statement in plain English of the legal claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted); Fed. R.Civ.P. 8(a)(2). In order to survive a motion to dismiss, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief. *Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955. A complaint must do more than merely "*avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008) (internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. *See, e.g., Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir.1992); *and Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989).

### 2. *Fraud (Count VII)*

The Third–Party Defendants argue that the fraud claim must be dismissed because the claim is based on promissory misrepresentations and a defendant cannot be liable in tort for the failure to perform a future promise.

The essential elements of fraud are "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Rowan County Bd. of Educ. v. U.S. Gypsum Co.,* 332 N.C. 1, 17, 418 S.E.2d 648, 658 (1992) (quoting *Terry v. Terry,* 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981)). "As a general rule a mere promissory representation will not be sufficient to support an action for fraud. A promissory misrepresentation may constitute actionable fraud when it is made with intent to deceive the promisee, and the promisor, at the time of making it, has no intent to comply." *Leftwich v. Gaines,* 134 N.C.App. 502, 508, 521 S.E.2d 717, 723 (1999) (citing *Johnson v. Phoenix Mutual Life Insurance Co.,* 300 N.C. 247, 255, 266 S.E.2d 610, 616 (1980)). "A statement purporting to be an opinion may be the basis for fraud if, at the time it is made, the maker of the statement holds an opinion contrary to the opinion he or she expresses, and the maker also intends to deceive the listener." *Leftwich,* 134 N.C.App. at 508–509, 521 S.E.2d at 723. "This rule recognizes the state of any person's mind at a given moment is as much a fact as the existence of any other thing." *Id.* (citations omitted). "The fraudulent nature of such statements may be proved by circumstantial evidence." *Id.*

Viewed in the light most favorable to the Third–Party Plaintiff, AHP alleges that Davis and Jacobson each made multiple representations about the fact that the merger would be consummated. Additionally, AHP alleges that neither Davis nor Jacobson ever intended to complete the merger and instead made their statements regarding the completion of the merger in

order to induce AHP to disclose confidential and proprietary business information, its goodwill, its network, employees and contractors in order to organize a competing business of their own. AHP alleges that the best evidence of Davis' and Jacobson's intent is the fact that they did not return to their core business after the merger failed and instead opened a competing concierge health care program using all the information they had obtained from AHP. Based on these allegations, rather than dismissal at this early stage of the proceeding, the undersigned will respectfully recommend that the Third–Party Plaintiff be allowed to conduct discovery on this point and that the Third–Party Defendants' Motion to Dismiss Count VII be *denied.* And, of course, as in regard to all claims, the Third–Party Defendants will be entitled to renew their factual and legal arguments after the conclusion of discovery in a timely filed motion for summary judgment.

### 3. *Constructive Fraud (Count VIII)*

As with the Third–Party Defendants fraud claim discussed above, Third–Party Defendant Steven W. Jacobson contends that the constructive fraud claim against him should be dismissed because it is based on promissory misrepresentation and a defendant cannot be liable in tort for the failure to perform a future promise.

 To assert a claim of constructive fraud, plaintiff must allege:

(1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured. Intent to deceive is not an element of constructive fraud. The primary difference between pleading a claim for constructive fraud and one for breach of fiduciary duty is

the constructive fraud requirement that the defendant benefit himself.

*Clay v. Monroe,* 189 N.C.App. 482, 658 S.E.2d 532, 536 (2008) (quoting *White v. Consolidated Planning, Inc.,* 166 N.C.App. 283, 294, 603 S.E.2d 147, 156 (2004)).

The very nature of constructive fraud defies specific and concise allegations and the particularity requirement may be met by alleging facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which [the] defendant is alleged to have taken advantage of his position of trust to the hurt of [the] plaintiff.

*Terry v. Terry,* 302 N.C. 77, 85, 273 S.E.2d 674, 679 (1981).

 Third–Party Plaintiff AHP asserts that the constructive fraud claim is based not only on the failed merger, but also on Jacobson's breach of fiduciary duties while a director of AHP. AHP alleges that as a director of AHP, Jacobson breached his fiduciary duties in numerous ways including obtaining confidential information, usurping business opportunities of AHP for the benefit of himself and Olympus, and allowing third parties to eavesdrop through electronic means on AHP Board of Directors' meetings.

As stated above, and based on the fact that a claim of constructive fraud "defies specific and concise allegations," the undersigned will respectfully recommend that the Third–Party Plaintiff be allowed to conduct discovery on this point and that the Third–Party Defendants' Motion to Dismiss Count VIII be *denied.* And, of course, as in regard to all claims, the Third–Party Defendants will be entitled to renew their factual and legal arguments after the conclusion of discovery in a timely filed motion for summary judgment.

#### 4. Civil Conspiracy (Counts IX)

The Third–Party Defendants argue that the civil conspiracy claim must be dismissed because of the intracorporate conspiracy doctrine, which the Fourth Circuit has explained as follows:

It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Buschi v. Kirven,* 775 F.2d 1240, 1251 (4th Cir.1985) (citations omitted). Third–Party Defendants, Davis and Jacobson, argue that as officers of Olympus, they cannot be found to have conspired with one another. However, "an exception may be justified when the officer has an independent personal stake in achieving the corporation's illegal objective." *Id.* at 1252.

AHP contends that the LOI outlines the merger and details how Davis and Jacobson, the two shareholders of Olympus, would have had to share the benefits from the merger with the shareholders of AHP. "The current shareholders of OHCS (Steve Jacobson and Ronald A. Davis) will individually own and control sixty percent (60%) of the shares and AHP shareholders will own and control forty percent (40%) of the shares." *Verified Counterclaim,* Exhibit H. The merger would have diluted Davis' and Jacobson's shareholder interest in Olympus and consequently, they personally benefitted by freezing out AHP shareholders at the last minute and reducing the number of potential shareholders in the surviving company. Based on these allegations, the Third–Party Defendants' actions fall within the exception to the Intracorporate Immunity Doctrine and accordingly, the undersigned will respectfully recommend that the Third–Party Defen-dants' Motion to Dismiss Count IX be *denied.*

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Third–Party Defendants' "Motion to Dismiss ..." (document # 22) be **GRANTED IN PART** and **DENIED IN PART,** that is, **GRANTED** as to Count II against Third–Party Defendant, Steven W. Jacobson; and **DENIED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. *Page v. Lee,* 337 F.3d 411, 416 n. 3 (4th Cir.2003); *Snyder v. Ridenour,* 889 F.2d 1363, 1365 (4th Cir. 1989); *United States v. Rice,* 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court. *Diamond v. Colonial Life,* 416 F.3d 310, 315–16 (4th Cir.2005); *Wells v. Shriners Hosp.,* 109 F.3d 198, 201 (4th Cir.1997); *Snyder,* 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. *Diamond,* 416 F.3d at 316; *Wells,* 109 F.3d at 201; *Page,* 337 F.3d at 416 n. 3; *Thomas v. Arn,* 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; *and to the Honorable Robert J. Conrad, Jr.*

SO RECOMMENDED AND OR-DERED.