**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6130**

ALBERTO MARQUEZ CRUZ,

Petitioner - Appellant,

v.

BOB W. MARSHALL; KIERAN J. SHANAHAN,

Respondents – Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cv-01097-JAB-LPA)

Argued:  September 21, 2016        Decided:  December 19, 2016

Before KING, SHEDD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Shon Robert Hopwood, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Steven H. Goldblatt, Director, Alexander J. Egbert, Ryan J. Travers, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.  Roy Cooper, Attorney General of the State of North Carolina, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

PER CURIAM:

North Carolina state prisoner Alberto Cruz ("Petitioner") filed a habeas corpus petition asserting five grounds for relief in the District Court for the Middle District of North Carolina against Bob Marshall, Acting Superintendent of the Harnett Correctional Institution, and Frank Perry, Secretary, North Carolina Department of Public Safety ("the State"). The State moved to dismiss the petition as untimely. The magistrate court recommended granting the motion. Petitioner filed objections to the recommendation, but the district court summarily rejected Petitioner's objections, adopted the recommendation, and entered an order dismissing the action as untimely.

We granted Certificates of Appealability to determine whether the petition timely asserts a Brady violation and an ineffective assistance of counsel claim. Because the district court failed to properly consider Petitioner's objections to the magistrate's Report and Recommendation and provide an adequate rationale for its decision, we vacate the district court's decision and remand for further proceedings.

On July 26, 2010, police arrested Petitioner, a 21-year-old Mexican citizen, in a McDonald's parking lot in Guilford County, North Carolina. On September 20, 2010, the grand jury indicted Petitioner for a variety of drug-related charges. Thereafter, Petitioner's counsel proceeded to negotiate a plea agreement with the State.

On January 10, 2011, Petitioner pled guilty to seven drug-related offenses. He was ultimately sentenced to between 175 and 219 months imprisonment. Per the plea agreement, Petitioner waived his right to direct appeal.

B.

On March 14, 2013, Petitioner filed a Motion for Appropriate Relief ("MAR") in the North Carolina Superior Court raising five challenges to his guilty plea and sentence: (1) a violation of due process because the State did not allow him a consular visit pursuant to the Vienna Convention; (2) a violation of due process because Petitioner's plea agreement was not knowing, intelligent, and voluntary; (3) ineffective assistance of counsel because counsel failed to investigate possible defenses; (4) a violation of due process because the court sentenced him to a sentence outside the appropriate range; and (5) a violation of Brady v. Maryland, 373 U.S. 83 (1963),

3

because the State did not disclose a fingerprint analysis of the drugs.[1]

When the North Carolina Superior Court rejected the MAR, Petitioner filed a Motion for Reconsideration, which was denied. Petitioner next filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals, which was also denied.

## C.

On December 9, 2013, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"), in the United States District Court for the Middle District of North Carolina. The district court referred the matter to a magistrate judge. See 28 U.S.C. § 636(b)(1)(B). In the Habeas Petition, Petitioner raised the same five challenges to his plea and sentence as he did in his MAR. Although almost two years had elapsed since his guilty plea, the Habeas Petition claimed timeliness under 28 U.S.C. § 2244(d)(1)(D).[2] The court

---

[1] In the MAR, Petitioner did not provide information about how or when he became aware of either the existence of the State's report or his attorney's failure to investigate.

[2] Section 2244 (d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (D) the date on which the factual predicate of the claim or

(Continued)

4

ordered the State to respond. Rather than respond on the merits, the State moved to dismiss the Habeas Petition as untimely.

On January 9, 2015, the magistrate judge issued a Report and Recommendation ("R & R"). It first held the claims about the consular visit, the voluntary nature of the plea agreement, and the length of the sentence untimely because "Petitioner knew the factual predicate [for those claims] . . . when he pled guilty and received his sentence." Cruz v. Marshall, No. 1:13-cv-1097, 2015 WL 136089, at *3 (M.D.N.C. Jan. 9, 2015), report and recommendation adopted, No. 1:13-cv-1097, 2015 WL 270026 (M.D.N.C. Jan. 21, 2015).

The R & R analyzed the Brady and ineffective assistance of counsel claims separately but ultimately held these claims untimely because Petitioner had failed to plead sufficient facts to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). Although the Habeas Petition alleged a Brady violation and asserted the State suppressed a report showing Petitioner's fingerprints were not on the drugs he was charged with trafficking, it did not include the date Petitioner learned of the State's report. Likewise, although the Habeas

claims presented could have been discovered through the exercise of due diligence.

5

Petition alleged ineffective assistance of counsel and asserted Petitioner's counsel failed to adequately investigate his case, it did not include the date Petitioner learned of counsel's failure to investigate or even how he learned of counsel's failure. The R & R deemed the failure to include these dates a "fatal" error and therefore held these claims untimely. Cruz, 2015 WL 136089, at *3.

Petitioner timely filed his objections to the R & R and corrected the flaw. Specifically, Petitioner stated he learned of the report showing his fingerprints were not on the drugs when he received the State's discovery documents "on or about January 15, 2013." J.A. 159.[3] His objection also explained he learned of counsel's failure to investigate his case when he received his "file from counsel on or about March 1, 2013." Id. at 160.

Although Petitioner filled in this critical gap, the district court nonetheless adopted the R & R and declined to issue a Certificate of Appealability. Furthermore, the district court's laconic order failed to provide any insight as to why the district court was rejecting Petitioner's objections. See Cruz, 2015 WL 270026, at *1.

---

[3] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

Petitioner timely filed a Notice of Appeal, and we granted a Certificate of Appealability on the Brady claim. Counsel was appointed for Petitioner and, upon request, we also granted a Certificate of Appealability on the ineffective assistance of counsel claim.

## II.

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court must review de novo any parts of an R & R to which objections are made. When a party fails to object to an adverse ruling, the district court, in its discretion, may adopt an R & R without providing an explanation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

When a party raises new information in objections to an R & R, regardless of whether it is new evidence or a new argument,[4] the district court must do more than simply agree with the magistrate. It must provide independent reasoning tailored to the objection. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982). The district court does not need to provide an

---

[4] The parties dispute whether the addition of the dates in Petitioner's objection to the R & R classify as additional evidence the district court had discretion to accept or a new argument the court was obligated to consider. See Appellant's Br. 24; Appellee's Br. 8. We reach no determination on the issue.

elaborate or lengthy explanation, but it must provide a specific rationale that permits meaningful appellate review. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (requiring a district court to provide a specific explanation for sentencing decisions); Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996) ("Here, the record does not reflect the district court's reasons for deciding not to award sanctions . . . . Because such a reasoned basis is necessary to make appellate review meaningful, we vacate the district court order . . . ."); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988) ("The procedures mandated by [In re Knight, 743 F.3d 231 (4th Cir. 1984)] ensure that the decision to seal records will not be made lightly, and make possible meaningful review of a decision to seal.").

Here, the district court did not provide a sufficient explanation. Instead, the court simply stated, it "had appropriately reviewed the portions of the Magistrate Judge's Report to which objection was made and has made a de novo determination in accord with the Magistrate Judge's report." Cruz, 2015 WL 270026, at *1. But this statement cannot be reconciled with the posture of the case.

The magistrate judge dismissed as untimely the ineffective assistance of counsel and Brady claims because Petitioner failed to include specific dates when he learned

8

facts critical to these claims. Petitioner responded by providing those dates. With the new information, the R & R no longer included the basis to dismiss Petitioner's <u>Brady</u> or ineffective assistance of counsel claims. Therefore, the district court should have explained its decision that the petition was untimely so as to permit meaningful appellate review.

III.

For the foregoing reasons, we vacate and remand for further proceedings. Specifically, we direct the district court to review de novo the R & R, including Petitioner's objections, and provide sufficient explanation for its ruling, whatever that may be.

<u>VACATED AND REMANDED</u>